SO ORDERED.

Dated: March 30, 2018

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 13 Proceedings |
| | ) | |
| **AHMAD WALI MAILATYAR and EDYTA KAMILA MAILATYAR,** | ) ) ) | Case No: 2:17-bk-13538-DPC |
| | ) | **UNDER ADVISEMENT RULING REGARDING CHAPTER 13 ELIGIBILITY** |
| Debtors. | ) ) ) | |
| | ) ) | [NOT FOR PUBLICATION] |
| | ) | |

Before the Court is Timothy R. Wright's ("Wright") Emergency Motion (the "Motion") (DE[1] 30) seeking to convert Ahmad Wali Mailatyar's and Edyta Kamila Mailatyar's ("Debtors") chapter 7 case to a chapter 13 case because, Wright contends, Debtors do not qualify as chapter 13 debtors under 11 U.S.C. § 109(e).[2] This Court agrees the claim of First Guaranty Mortgage Corporation ("1st Guaranty") must be considered a liquidated, noncontingent unsecured claim in this case, even though that claim is fully collateralized by a lien against real property which is not property of this bankruptcy estate. The 1st Guaranty unsecured claim of $52,304.03 plus all other liquidated and noncontingent unsecured claims against the Debtors exceed the § 109(e) unsecured claims limit of $394,725. This chapter 13 case shall be dismissed if Wright chooses to lodge a form of dismissal order. However, if Wright continues to seek a

---

[1] "DE" refers to docket entries in the administrative file concerning this chapter 13 case.

[2] Unless indicated otherwise, statutory citations herein refer to the U.S. Bankruptcy Code ("Code"), 11 U.S.C. §§ 101-1532 and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

conversion of this case to chapter 7, the Court will set Wright's Motion for an evidentiary hearing to determine the factual issues pertinent to Wright's additional contention that this case was filed in bad faith.[3]

## I. BACKGROUND

1. Debtors filed a voluntary chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the District of Arizona on November 14, 2017.

2. Debtors filed their original schedules on November 14, 2017 (DE 1) and amended schedules on March 8, 2018 (DEs 62 and 63).

3. Debtors filed their original chapter 13 plan on November 14, 2018 (DE 2) and their amended plan on March 9, 2018 (DE 69). Wright objected to the original plan on January 10, 2018 (DE 26). It does not appear that Wright has yet filed an objection to the amended plan.

4. Wright filed an objection ("Homestead Objection") to Debtors' homestead exemption in real property located at 11 East Venado Drive, New River, Arizona (the "Venado Property") (DE 29). Debtors filed a response ("Response") to the Homestead Objection (DE 41) and each of the Debtors filed a declaration in support of their Response. Wright filed a motion to strike Debtors' Response (DE 55) and a reply in support of his Homestead Objection (DE 56). The Court has set a hearing on the Homestead Objection for April 2, 2018, at 11:00 a.m.

5. Wright filed his Motion on January 30, 2018 (DE 30) and requested that the Court set the matter for hearing on an expedited basis. Debtors filed a Response on February 13, 2018 (DE 44). The Court held an expedited hearing on February 13, 2018 (DE 46). At that hearing, the Court directed the parties to file briefs on certain legal

---

[3] This Order sets forth the Court's findings of fact and conclusions of law under Rule 7052 of the Rules of Bankruptcy Procedure.

issues. On February 27, 2018, Debtors filed their Brief on Chapter 13 Debt Limits Pursuant to 11 U.S.C. § 109(e) (DE 57) and Wright filed his Brief Regarding Debtors Eligibility Under 11 U.S.C. § 109(e) (DE 58).

## II. JURISDICTION

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b) and 1334.

## III. ISSUE

Whether a liquidated, noncontingent claim against the Debtors is considered a secured claim in Debtors' chapter 13 case for purposes of § 109(e) if the collateral for such claim is not property of Debtors' chapter 13 bankruptcy estate.

## IV. ANALYSIS

### A. Section 109(e).

Section 109(e) indicates who is eligible to be a chapter 13 debtor. That paragraph states, in relevant part:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 . . . may be a debtor under chapter 13 of this title.

When called upon to review § 109(e), the Ninth Circuit Court of Appeals held:

> We now simply and explicitly state the rule for determining Chapter 13 eligibility under § 109(e) to be that eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith.

*In re Scovis*, 249 F.3d 975, 982 (9th Cir. 2001). Wright has challenged Debtors' bankruptcy as a case filed in bad faith. Before looking at those allegations, however,

this Court must examine Debtors' schedules.

**B.     Debtors' Schedules and Claims Filed in This Case.**

Debtors' original schedules (DE 1) reflect their ownership of two residential properties: 7712 East Journey Lane, Scottsdale, Arizona ("Journey Property") valued at $439,000 and the Venado Property valued at $349,000. Although the Debtors amended their schedules, the stated values of these two residential properties have not been amended.

Debtors' original schedules reflected the following secured debts (DE 1 at Schedule D) and unsecured debts (DE 1 at Schedules E and F):

| Schedule D - Secured Debt | | Schedules E and F - Unsecured Debt | |
|---|---|---|---|
| JPMorgan Chase Bank, N.A. (2013 Honda CRV) | 8,838.34 | Chester & Shein, P.C. | 48,260.59 |
| Roundpoint Mortgage (Venado Property) | 228,872.82 | Discover | 14,499.18 |
| Rushmore Loan Management (Journey Property) | 403,943.43 | JPMorgan Chase Bank | 7,722.06 |
| TD Auto Finance (2017 Mitsubishi Outlander) | 19,686.66 | JPMorgan Chase Bank | 2,518.81 |
| TD Auto Finance (2017 Mitsubishi Outlander) | 19,990.79 | Sallie Mae | 68,207.13 |
| Timothy R. Wright (Journey Property-2nd Lien Position) | 262,295.56 | ToysRUs Mastercard | 1,007.33 |
| | **943,627.60** | | **142,215.10** |
| Less Undersecured Debt | -231,304.11 | Plus Undersecured Debt | +231,304.11[4] |
| Total Secured Debt | **712,323.49** | Total Unsecured Debt | **373,519.21** |

None of these secured or unsecured claims were listed as contingent, unliquidated, or disputed.

---

[4] The undersecured portion of the secured claims totals $231,304.11. This amount is ascertained by totaling the following: The JPMorgan Chase, N.A. loan on the 2013 Honda CRV exceeds the $8,500 value by $338.34. The TD Auto Finance loan on the higher mileage 2017 Mitsubishi exceeds the $18,000 value by $1,686.66. The TD Auto Finance loan on the lower mileage 2017 Mitsubishi exceeds the $19,000 value by $990.79. The Wright debt, when added to the 1st lien position, exceeds the Journey Property value by $227,238.99.

Debtors' Amended Schedule D (DE 62) reflects the following secured and unsecured debts:

| Amended Schedule D - Secured Debt | | Schedules E and F - Unsecured Debt | |
|---|---:|---|---:|
| First Guaranty Mortgage Corporation (Non-Estate Property) | 52,304.03 | Chester & Shein, P.C. | 48,260.59 |
| JPMorgan Chase Bank, N.A. (2013 Honda CRV) | 8,493.31 | Discover | 14,499.18 |
| Roundpoint Mortgage (Venado Property) | 230,697.86 | JPMorgan Chase Bank | 7,722.06 |
| Rushmore Loan Management (Journey Property) | 406,594.52 | JPMorgan Chase Bank | 2,518.81 |
| TD Auto Finance (2017 Mitsubishi Outlander) | 19,701.81 | Sallie Mae | 68,207.13 |
| TD Auto Finance (2017 Mitsubishi Outlander) | 20,049.33 | ToysRUs Mastercard | 1,007.33 |
| Timothy R. Wright (Journey Property) | 32,405.48[5] | | **142,215.10** |
| | **771,246.34** | Undersecured Debt | 232,641.22[6] |
| | | Total Unsecured Debt | **374,856.32** |

Most of the secured debt balances in the amended Schedule D are different than originally scheduled. It is not clear why this is so. None of these secured claims are listed as contingent or unliquidated. Only the 1st Guaranty secured claim is identified as disputed.

If the 1st Guaranty claim (filed with this Court on March 27, 2018 as Claim #8) must be considered a secured claim, as both 1st Guaranty and the Debtors contend, Debtors numerically qualify under § 109(e) to be chapter 13 debtors. On the other hand, if the 1st Guaranty claim must be considered an unsecured claim for § 109(e) purposes,

---

[5] This amount represents the Wright claim reflected in Amended Schedule D as $262,295.56 less the undersecured portion of that claim as $229,890.08.

[6] The undersecured portion of the secured claims totals $232,641.22. This amount is ascertained by totaling the following: The JPMorgan Chase, N.A. loan on the 2013 Honda CRV no longer exceeds the $8,500 value. The TD Auto Finance loan on the higher mileage 2017 Mitsubishi exceeds the $18,000 value by $1,701.81. The TD Auto Finance loan on the lower mileage 2017 Mitsubishi exceeds the $19,000 value by $1,049.33. The Wright debt, when added to the 1st lien position, exceeds the Journey Property value by $229,890.08. yes,

then Debtors' unsecured debt would total $427,160.35[7] and Debtors would not be eligible as chapter 13 debtors.

### C. Case Law.

Wright cites this Court to five cases in support of his position that the 1st Guaranty claim is an unsecured claim against this estate. Each of these cases look to § 506(a)(1) of the Code. That Code provision states, in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff, is less than the amount of such allowed claim.

In reviewing § 506(a) in connection with that court's § 109(e) analysis, Bankruptcy Judge Pappas held that:

> [T]he term secured claim, and thus secured debt, was intended by Congress to refer to a claim of a creditor secured by a lien on property in which the debtor's bankruptcy estate owns an interest, and is limited in amount to the extent of the value of the creditor's interest in the bankruptcy estate's interest.

*In re Brown*, 250 B.R. 382, 384 (Bankr.D.Idaho 2000). The Ninth Circuit BAP agreed with Judge Pappas when it cited § 506(a)(1) and noted that:

> a claim is secured only to the extent of the value of a creditor's interest in the estate's interest in such property.

*In re* Smith, 435 B.R. 637, 647 (9th Cir. BAP 2010).[8] None of these cases cited by

---

[7] $374,856.32 (unsecured debt per the chart of claims above) plus the 1st Guaranty claim of $52,304.03.

[8] Wright also cites the following cases for essentially the same proposition: *In re Green*, 574 B.R. 570, 579 (Bankr.E.D.N.C. 2017), *In re Lower*, 311 B.R. 888, 893-94 (Bankr.D.Colo. 2004), and *In re Fuson*, 404 B.R. 872, 876 (Bankr.S.D.Ohio 2008).

Wright are binding on this Court,[9] but this Court continues to adhere to its position announced in the case of *In re Sample*, 2:10-bk-38373-DPC, 2013 WL 3759795 (Bankr. D.Ariz. July 15, 2013) where this Court held:

> ". . . so long as there is not a contrary published opinion from the District Court of Arizona, this Court will follow the opinions of the Ninth Circuit BAP, whether or not this Court agrees with the reasoning behind the particular BAP decision."

In any event, the force of logic of Judge Pappas and the BAP leaves this Court with the conviction that they both correctly interpreted § 506(a) and § 109(e).

### D. <u>Wright's Valuation of the Journey Property</u>.

Debtors argue that if they do not qualify to be chapter 13 debtors under the information they supplied in their amended schedules, the Court should use Wright's value of the Journey Property because it is $36,000 higher than the Debtors' valuation and he should be estopped from using any other valuation amount. If the Court adopted Debtors' argument, it would produce an increase in Debtors' secured debt by $36,000, but would correspondingly reduce their unsecured debt by $36,000. Debtors' unsecured debt would therefore total $391,160.35, a mere $3,564.65 below the unsecured debt limit of $394,725 imposed under § 109(e). While appreciating Debtors' creativity, this Court is nevertheless bound by Debtors' valuations on their property, unless those scheduled valuations were not made in good faith. *See In re Scovis*, 249 F.3d at 982. Debtors' valuations are, of course, the same values used to determine the secured amount to be paid to Wright under Debtors' amended chapter 13 plan. *See* DE 69 at 5. If any party is to be bound by collateral estoppel, it is the Debtors. The Court will not now condone

---

[9] Wright also cites what he claims to be both older cases and the minority of cases holding a claim is secured for § 109(e) purposes if it is secured by any property, not just estate property. *See In re Belknap*, 174 B.R. 182, 183 (Bankr. W.D.N.Y. 1994) and *In re White*, 148 B.R. 283 (Bankr. N.D.Ohio 1992). This Court need not decide whether these cases are either outdated or occupy a minority position. This Court will follow the Ninth Circuit BAP's view on this subject.

1 Debtors to abandon their repeated and consistent $439,000 valuation of the Journey
2 Property in an effort to squeeze under the § 109(e) unsecured debt limits.

### E. The Homestead Exemption Objection.

Debtors claimed the Venado Property as their exempt homestead. Wright objected to that claimed exemption contending, among other things, that the Journey Property alone, and not the Venado Property, is the Debtors' residence for the purpose of applying Arizona's homestead statute, A.R.S. § 33-1101, *et seq*. As noted above, Wrights' Homestead Objection is set for hearing on Monday, April 2, 2018, at 11:00 a.m. If the Debtors prevail in that contested matter, the Court's decision herein will remain unaffected. If Wright prevails on his homestead exemption objection, the Court will look to the parties to indicate their contentions as to what implications, if any, that result would have on this Under Advisement Ruling.

## V. CONCLUSION

Based on the foregoing, this Court finds that Debtors do not qualify under § 109(e) to be chapter 13 debtors, as their unsecured debts exceed the $394,725 maximum amount allowed. Debtors' schedules reveal that, once the 1st Guaranty claim is correctly identified as an unsecured claim, Debtors unsecured debt exceeds the § 109(e) unsecured debt limit. This determination is made without testing whether Debtors' schedules were filed in good faith.

The Court will sign an order dismissing this case if Wright chooses to lodge such an order. If Wright continues to seek an order of this Court converting this case to a chapter 7 liquidation, the Court will set an evidentiary hearing to determine whether, as Wright contends, this chapter 13 case was filed in bad faith.

**DATED AND SIGNED ABOVE.**

To be Noticed through the BNC to:
Interested Parties

Mark J. Giunta
Liz Nguyen
Law Office of Mark J. Giunta
531 E. Thomas Rd., Suite 200
Phoenix, AZ 85012

Isaac M. Gabriel
Amelia B. Valenzuela
Quarles & Brady LLP
Renaissance One
Two N. Central Ave.
Phoenix, AZ 85004-2391

Nathan F. Smith
Malcolm Cisneros, a Law Corporation
2112 Business Center Drive
Irvine, CA 92612