# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

### Hearing Information:

|  |  |
|---|---|
| Debtor: | AHMAD WALI & EDYTA KAMILA MAILATYAR |
| Case Number: | 2:17-BK-13538-DPC  Chapter: 13 |
| Date / Time / Room: | MONDAY, APRIL 02, 2018 11:00 AM  6TH FLOOR #603 |
| Bankruptcy Judge: | DANIEL P. COLLINS |
| Courtroom Clerk: | JENNIFER LOWRY |
| Reporter / ECR: | RENEE BRYANT |

### Matter:

OBJECTION TO DEBTORS' HOMESTEAD EXEMPTION FILED BY MOLLY J. KJARTANSON OF QUARLES & BRADY LLP ON BEHALF OF TIMOTHY R. WRIGHT .

R / M #:  29 / 0

### Appearances:

EDWARD J. MANEY, TRUSTEE
LIZ NGUYEN, ATTORNEY FOR AHMAD WALI MAILATYAR, EDYTA KAMILA MAILATYAR
ISAAC M. GABRIEL, ATTORNEY FOR TIMOTHY R. WRIGHT

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...  2:17-BK-13538-DPC        MONDAY, APRIL 02, 2018 11:00 AM

## *Proceedings:*

Mr. Gabriel advised that he will be uploading an order for dismissal and presented his client's position on the debtor converting their case to a chapter 11. Mr. Gabriel suggested that the good faith question be dealt with under the debtor's converted chapter 11 case.

Ms. Nguyen agreed that the case should be converted and the parties can handle the good faith question under the chapter 11.

Mr. Maney requested that the order converting the case include language that states that, pursuant to 11 U.S.C. Section 1327, he is to return the money he is holding back to the debtor.

Ms. Nguyen agreed.

COURT: IT IS ORDERED GRANTING THE DEBTORS' MOTION TO CONVERT TO A CHAPTER 11. MS. NGUYEN IS DIRECTED TO LODGE A FORM OF ORDER GRANTING THE MOTION, WHICH CONTAINS THE LANGUAGE REQUESTED BY MR. MANEY.

Mr. Gabriel discussed the debtors' homestead exemption and argued his client's Motion to Strike.

Ms. Nguyen responded that the debtors are only claiming one homestead exemption, on the Venado property.

Mr. Maney stated that he has not taken a position on this matter.

The Court discussed putting the debtors on the stand to determine their credibility under oath.

Mr. Gabriel responded that it is clear the affidavit contains false information.

The Court questioned if it made sense to try both the good faith/bad faith issue and the exemption issue at the same time.

Mr. Gabriel agreed and asked that a hearing be set in 30 to 45 days.

COURT: IT IS ORDERED DIRECTING THE DEBTORS TO FILE THEIR CHAPTER 11 PLAN AND DISCLOSURE STATEMENT NO LATER THAN MONDAY, APRIL 30, 2018.

IT IS FURTHER ORDERED SETTING A HEARING ON MAY 7, 2018 AT 10:00 AM.  THIS

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:17-BK-13538-DPC        MONDAY, APRIL 02, 2018 11:00 AM

HEARING WILL NOT BE AN EVIDENTIARY HEARING. IT WILL BE A STATUS HEARING TO DISCUSS THE EXEMPTION OBJECTION, THE GOOD FAITH/BAD FAITH OBJECTION THAT HAS BEEN FILED IN THE CHAPTER 13 CASE, WHICH THE COURT WILL CONSIDER ALSO PART OF THE CHAPTER 11 CASE, AND THE CHAPTER 11 PLAN AND DISCLOSURE STATEMENT AND WHETHER THE PLAN IS CONTESTED.