# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| AHMAD WALI MAILATYAR AND EDYTA KAMILA MAILATYAR, | Case No. 2:17-bk-13538-DPC |
| | **ORDER APPOINTING COUNSEL** |
| Debtors. | |

Upon the Application of Ahmad Wali Mailatyar and Edyta Kamila Mailatyar, debtors and debtors-in-possession, in the above-captioned bankruptcy proceeding, requesting that the Law Office of Mark J. Giunta ("Firm") serve as bankruptcy counsel to the Debtor and upon the verified statements filed pursuant to Rules 2014 and 2016, Rules of Bankruptcy Procedure ("RBP"), and said Firm being duly admitted to practice in this Court, and the Court being advised that represent no adverse interest to the Debtor, and advised that the Firm is a disinterested party, pursuant to 11 U.S.C. §§ 101(14), 327, and 329, and the Court being advised that said employment is necessary and will be in the best interest of this estate,

IT IS ORDERED that the Firm shall be employed as of April 11, 2018, the date that the application and the verified statements were filed with this Court, to serve as bankruptcy counsel of the Debtors subject to the terms set forth in the Application with certain qualifications set forth hereinafter.

IT IS FURTHER ORDERED that there shall be no setoff against the retainer, if the Firm has obtained a retainer, and no compensation paid, and no reimbursement of expenses, except upon appropriate application and after notice and hearing. There shall be no setoff against the retainer irrespective of the source of said retainer.

IT IS FURTHER ORDERED that at the time the Firm submits its application for approval and payment of attorneys' fees and costs with the Bankruptcy Court, the Firm should comply fully with all provisions of RBP 2016, including providing the Court with a detailed billing statement attached to the application. The detailed billing statement should have the tasks performed by the Firm broken down on a daily basis in a detailed manner with the actual time expended, allotted to each task, so that the Court may ascertain how much time was expended by the Firm on research, drafting of a pleading, attendance of the Firm at a court hearing, etc. It is not acceptable to "lump" entries; that is, to list "research and draft motion." It is also not acceptable to have vague or incomplete entries, such as "telephone call to client" or "research on motion to vacate stay."

IT IS FURTHER ORDERED that any application submitted to the Court shall not include any requests for the payment of overhead. For instance, to the extent that the Firm includes overhead costs for computer-assisted research, for long distances telephone calls, for facsimile charges, etc., said overhead costs should be deleted from the actual requests for costs submitted to the Bankruptcy Court.

IT IS FURTHER ORDERED that the costs to be included in the application should constitute only the necessary and actual costs incurred by the Firm; therefore, such cost items as secretarial overtime, or similar charges, should not be included in the cost statements to be submitted to the Bankruptcy Court for approval.

IT IS FURTHER ORDERED that if the services rendered are not set forth in a detailed manner, or the costs are not broken down in a detailed manner with full explanation therefor, that the lack of detail may result in the denial of the fees or costs requested, or in the Court requesting additional information before the approval of the fees or costs requested.

**DATED AND SIGNED ABOVE**